IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES WAYNE PLUNKETT,
ADC # 085162                                                                    PLAINTIFF

V.                         Case No. 4:10CV01104 JLH-BD

MIKE BEEBE, *et al.*                                                            DEFENDANTS

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

II.     **Background:**

Plaintiff, an Arkansas Department of Correction ("ADC") inmate, filed a pro se Complaint (docket entry #2) under 42 U.S.C. §1983 and is proceeding *in forma pauperis*. For the following reasons, Plaintiff's Complaint should be dismissed.

III.    **Discussion:**

 A.    Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, *supra*). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

"Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*,

429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.  Background

Here, Plaintiff alleges that since he has been incarcerated, he has been requesting that Mike Beebe, Governor of the State of Arkansas, grant him clemency. Plaintiff claims that Governor Beebe has failed to provide him any assistance. Further, Plaintiff claims that Leroy Brownlee, as Chairman of the Arkansas Board of Parole, violated his constitutional rights by denying his request for parole. Finally, Plaintiff states that although he has requested help from Wendy Kelley, the Deputy Director of Health for the ADC, she has not assisted Plaintiff; nor has she come to interview Plaintiff. Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983.[1]

C.  Analysis

1.  Defendant Beebe

Plaintiff names as a Defendant Governor Beebe based on the Governor's denying him clemency. There is no constitutional or inherent right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr.*

---

[1] To the extent that Plaintiff claims that he has been "falsely imprisoned" this claim also fails. In order to bring such a claim under 42 U.S.C. § 1983, Plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a statue tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372-73 (1994).

*Complex.*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979).  At most, the Constitution protects a "legitimate claim of entitlement" that arises under state law.  *Id*.  The Eighth Circuit Court of Appeals has specifically held, however, that the Arkansas statute governing clemency does not create a constitutional right.  *Whitmore v. Gaines*, 24 F.3d 1032, 1034 (8th Cir. 1994).   Accordingly, Plaintiff's claim against Defendant Beebe cannot proceed.

Further, to the extent that Plaintiff challenges his state court conviction and sentence, this claim fails as well.  A state prisoner seeking to challenge his state court conviction in federal court must do so in a petition for federal habeas relief, not an action under 42 U.S.C. § 1983.  See 28 U.S.C. § 2254.

2.   Defendant Brownlee

Plaintiff claims that Defendant Brownlee violated his constitutional rights by failing to grant him parole.  Unfortunately for Plaintiff, he has no liberty interest in parole or release before the expiration of a validly imposed sentence.  *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979)).  Although a state may create a liberty interest in parole, Arkansas statutes do not create such an interest.  See ARK. CODE ANN. §16-93-701(a)(1) (2006) ("The Parole Board may release on parole any individual eligible ... when in its opinion there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself."); and *Hamilton v. Brownlee*, 237 Fed. Appx. 114 (8th Cir. 2007) (unpublished) (per curiam).  Accordingly,

Plaintiff's claim against Defendant Brownlee fails.

3.  Defendant Kelley

In his Complaint, Plaintiff alleges that Defendant Kelley failed to assist him and has not personally visited him.  He fails to attribute any intentional or unconstitutional conduct to Defendant Kelley.  Because Plaintiff fails to state how Defendant Kelley violated his constitutional rights, his claim against Defendant Kelley fails.  See *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner must allege a defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).

**IV.    Conclusion:**

Accordingly, this Court recommends that Plaintiff's claims be DISMISSED without prejudice and that the District Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.  See 28 U.S.C. § 1915(g).

DATED this 16th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE